# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2020

Lyle W. Cayce
Clerk

No. 20-50360
Summary Calendar

CHARLES MASON,

*Plaintiff—Appellant*,

*versus*

INTEGRA PEAK MANAGEMENT INCORPORATED;
MANAGER DONNA OVERTON ROSEMOND;
MANAGER JEANNIE PRAZAK; RONNIE ROSEMOND,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-326

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

This case stems from Charles Mason's eviction in 2015. Based on the eviction and surrounding events, Mason sued, asserting violations of the Fair

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Housing Act ("FHA"), defamation, and various forms of fraud.[1] The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6). The district court granted the motion and dismissed with prejudice. We affirm the dismissal on Rule 12(b)(6).

We review dismissals *de novo*. *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020). We first note that dismissal for lack of subject matter jurisdiction is improper. Where the alleged jurisdictional defect is that a federal question has been implausibly pled, "the factual and jurisdictional issues are completely intermeshed [and] the jurisdictional issues should be referred to the merits, for it is impossible to decide the one without the other." *McBeath v. Inter-Am. Citizens for Decency Comm.*, 374 F.2d 359, 363 (5th Cir. 1967). The jurisdictional question of whether Mason plausibly pled discriminatory housing is "completely intermeshed" with the merits of that claim. It is therefore better approached under Rule 12(b)(6).[2]

For a Rule 12(b)(6) dismissal, we look to the allegations in the complaint and attached documents to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020). A claim is plausible on its face if "the pleaded factual content allows the court

---

[1] As the district court correctly noted, *pro se* pleadings must be construed liberally. *Brown v. Taylor*, 911 F.3d 235, 242 (5th Cir. 2018) (per curiam). Mason's complaint lists potential FHA violations (e.g. treating him differently and retaliation) as well as fraud and sending false information to a government agency. The district court construed the complaint to plead FHA, defamation, and fraud causes of action. We agree.

[2] *See also Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. May 1981) ("Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.").

No. 20-50360

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 349–50 (quotations omitted).

The FHA outlaws discriminating "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2) (2018). A violation can be established by proof of discriminatory intent or discriminatory effect. *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1555 (5th Cir. 1996). In either case, one element of the *prima facie* case is a causal link between the alleged discrimination and the alleged disability. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 908 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2506 (2020) (discriminatory effect); *Providence Behavioral Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 457 (5th Cir. 2018) (discriminatory intent).

Here, the alleged facts are insufficient to establish causality. Though Mason has made the conclusory statement that he was treated differently from non-handicap tenants, he has not alleged specific facts showing that any different treatment was because of his disability. Therefore, the pleadings are insufficient to establish the claim.

The FHA also outlaws intimidating a person from pursuing an FHA claim or encouraging others to do the same. 42 U.S.C. § 3617 (2018). As above, a plaintiff must show a connection between the protected activity and any adverse action. *See Hood v. Pope*, 627 F. App'x 295, 300 (5th Cir. 2015) (per curiam). Mason has failed to allege any connection between his eviction or any other adverse actions and any protected conduct in which he partook.[3]

---

[3] Once having disposed of that claim under Rule 12(b)(6), it was within the district court's discretion whether to exercise supplemental jurisdiction under any state law claims. 28 U.S.C. § 1367(c)(3) (2018). The district court went on to grant the motion to dismiss

No. 20-50360

To succeed on a defamation claim in Texas, a private plaintiff must show "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with [negligence], and (4) damages." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). Mason alleges the defendants defamed him in their communications with HUD. But as the district court correctly pointed out, Mason has not made any plausible allegations that those communications were false. He also alleges that Donna Overton Rosemond sent a fax falsely claiming she had filed police reports based on threats Mason made to her. Mason has plausibly alleged that fax is false based on evidence showing no complaints had been filed. Nonetheless, Mason has not plausibly alleged any damages resulting from the fax.[4] Therefore, he has not plausibly made a *prima facie* case for defamation.

Finally, when alleging fraud, a plaintiff must state the circumstances "with particularity." Fed. R. Civ. P. 9(b). Mason's allegations of falsified documents, false charges, and other fraudulent activity are only conclusory. They are not plausible, let alone pleaded with the particularity required. Therefore, dismissal under Rule 12(b)(6) is appropriate.

AFFIRMED.

---

on these claims under Rule 12(b)(6), so we assume it chose to take jurisdiction.

[4] Nor would such a statement be defamation *per se*, given that falsely claiming to have filed a police report does not *unambiguously* impute criminal conduct to the defamed party. *See Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (applying Texas law).

4